NOT DESIGNATED FOR PUBLICATION

No. 121,367

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON L. MCLOUD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 6, 2020. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: In this appeal, Defendant Brandon McLoud disputes how the Sedgwick County District Court computed jail credit for the time he spent in custody as pretrial detainee on an aggravated battery charge. McLoud pleaded guilty to a reduced charge of attempted aggravated battery. The district court imposed a prison sentence of eight months and placed McLoud on probation. The district court later revoked the probation and ordered McLoud to serve the sentence.

1

In this appeal, McLoud has disputed whether he properly received credit against the sentence for 25 days he spent in jail. While this appeal has been pending, McLoud completed the prison sentence and has been placed on postrelease supervision. In its brief, the State submitted the appeal has become moot, since McLoud has served the sentence against which any jail time credit would have applied. McLoud did not respond to the State's suggestion.

The State is correct. Even assuming McLoud did not receive the jail time credit he was due, the issue is now moot. Because McLoud has served the sentence, the prison term cannot now be shortened to account for a miscalculation of his jail time credit (if there were one). See *State v. Reider*, No. 120,534, 2020 WL 967859, at *1 (Kan. App. 2020) (unpublished opinion); *State v. Ramsey*, No. 111,163, 2015 WL 6444242, at *1 (Kan. App. 2015) (unpublished opinion). Likewise, jail time credit cannot be "banked" to count against a violation of postrelease supervision in this case or a sentence for some future crime.

A legal dispute is moot when "the actual controversy has ended" and a court ruling "would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009). That's precisely where we are in this case. McLoud has not suggested otherwise. Nor has he invited us to apply one of the narrow exceptions to the mootness doctrine because this case presents a legal issue of broad public importance or a recurrent legal issue that would otherwise evade review. It doesn't appear to fit in either category.

Appeal dismissed.